FORET, Judge,
dissenting.
I respectfully dissent from the majority decision which affirms defendant’s conviction of second degree murder. In my view, the facts of this case present a classic example of manslaughter. There had been bad blood between decedent and defendant; defendant at the time of the shooting perceived decedent to be trespassing on defendant’s property; and decedent was apparently in the process of attempting to cut a bow-line on the shrimping barge (or at least conveying that impression) of which decedent was a part-owner, a fact which may not have been known to defendant. It is noteworthy that to defendant’s credit, immediately after the shooting he contacted the sheriff’s office and advised them of what had taken place. This certainly seems to be more compatible with a manslaughter case than one of second degree murder.
While defendant’s plea of self-defense may not have been well taken, it certainly *1010 seems that there were extenuating circumstances which would remove the case from the second degree murder classification and more properly fit the definition of manslaughter. I think that the jury was manifestly erroneous in convicting the defendant of second degree murder rather than the responsive verdict of manslaughter.
For the above reasons, I respectfully dissent.